IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| FRANK STEPHENSON, <br><br> Petitioner, <br><br> v. <br><br> ROSEANNE CAMPBELL, et al., <br><br> Respondent. | 2:06-CV-01929-NRS <br><br> ORDER |

Petitioner, a state prisoner at Mule Creek State Prison, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the 2005 decision of the Governor of the State of California to reverse the decision of the Board of Parole Hearings (BPH) granting him parole.

Subsequent to his denial of parole by the Governor, Petitioner was once again granted parole by the BPH. On January 23, 2009, the Governor of the State of California declined to review this decision granting Petitioner parole. Therefore, the Petitioner was granted parole.

Respondent moved to dismiss this matter under 28 U.S.C. § 2254, on the ground that the petition has become moot.

Under Article III of the Constitution, mootness deprives a federal court of subject matter jurisdiction.  *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.").  A case becomes moot if "the issues are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984).  Because the Petitioner has been granted parole and the Governor has declined to review such grant, Petitioner has now achieved everything he sought to gain in his petition.  Petitioner therefore lacks a legally cognizable interest in the outcome, and his petition is moot.

Accordingly, IT IS HEREBY ORDERED that:

1. The Respondent's Motion to Dismiss, filed on February 3, 2009, is GRANTED; and

2. Petitioner's amended petition, filed on March 29, 2007, is DISMISSED as moot.

DATED:  **February 19, 2009**

_____
Honorable N. Randy Smith
Ninth Circuit Court of Appeals Judge

PDF created with pdfFactory trial version www.pdffactory.com